UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-401-H

EVA BUCHANAN	PLAINTIFF

V.

WESTFIELD INSURANCE COMPANY	DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Eva Buchanan has sued her insurer Westfield Insurance Company ("Westfield") seeking underinsured motorist benefits for injuries sustained in a car accident involving Buchanan and Imogene Kidd. The basic facts of the accident are clear, though the actual cause is still in dispute. On October 10, 2004, Plaintiff was traveling on Kentucky Highway 70 in Barren County, Kentucky, when Kidd's vehicle entered the highway from a stop sign at a "T" intersection. The two vehicles collided, and Plaintiff's vehicle overturned multiple times. Buchanan now seeks partial summary judgment as to the issue of fault in the underlying accident.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, "summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On summary judgment, the evidence before the Court must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006).

At this time, relatively little discovery concerning the accident has been completed, though there may be little more to do. Buchanan and Kidd have both been deposed, and Buchanan's daughter, who witnessed the accident from a third vehicle, has testified by affidavit. No other witnesses have been located. Westfield suggests that it may depose the police officers or emergency medical personnel who responded to the accident and obtain an accident reconstructionist to offer expert testimony. The discovery deadline is July 1, 2007.

Westfield argues that although no one has alleged that Buchanan was traveling over the speed limit, she may have been traveling at an unreasonable speed considering her view of the road ahead. A driver's speed may be found to be unreasonable in light of the circumstances, despite driving below the legal speed limit. *See Claycomb v. Howard*, 493 S.W.2d 714, 717 (Ky. 1973). The testimony of both Buchanan and Kidd could support such a theory. In response to a question about when she first realized Kidd's car was pulling out, Buchanan said, "I was on top of her just about, because there's not very much room from the top of the rise to the road." Similarly, Kidd testified that the rise in the road behind which it could be difficult to see an approaching vehicle was only "two, three car lengths" away from the intersection. Without more evidence, and interpreting the facts in the light most reasonable to the non-moving party, it is possible that the rise created an obstruction that would make Buchanan's speed unreasonable.

In a Kentucky negligence suit, a plaintiff's damages will be reduced in proportion to fault. *Hilen v. Hays*, 673 S.W.2d 713, 720 (Ky. 1984). Even though it appears unlikely that Buchanan will be found to share any of the fault, Westfield must be given the opportunity to finish discovery into the cause of the accident.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for partial summary judgment is DENIED.

cc: Counsel of Record